IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-19-248-D |
| ) | |
| HAYLEE BUTLER, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant's *pro se* motion for early termination of her supervised release term under 18 U.S.C. § 3583(e)(1) [Doc. No. 1293]. The government has filed its response in opposition [Doc. No. 1295] stating as one reason that Defendant's probation officer recommends continued monitoring of Defendant's compliance with her conditions of supervision.

**Factual Background**

Defendant was indicted in August 2019, along with 18 codefendants, on charges of participating in a drug trafficking conspiracy, distributing heroin, possessing heroin with intent to distribute, and unlawfully using a communication facility. Another nine codefendants were added by the Superseding Indictment in October 2019. Under a plea agreement, Defendant was charged in April 2020 by the Superseding Information [Doc. No. 452] with a drug conspiracy that carried no mandatory minimum penalty. The Court granted Defendant's request for a combined plea and sentencing proceeding to avoid detention during the pandemic.

On November 16, 2021, Defendant entered a plea of guilty to the charged violation of 21 U.S.C. § 246.  The advisory guideline range of imprisonment was 18 to 24 months. The Court varied downward and imposed a prison sentence of seven months followed by a three-year term of supervised release.  Defendant completed her prison term and was released from custody on May 26, 2022.

Early in her term of supervised release, Defendant received two positive test results for alcohol use in September 2022.  After that time, Defendant has remained in compliance with her conditions of release and in January 2024 was assigned to the probation office's low-risk case load.  In May 2024, Defendant's test result indicated a diluted urine sample, but she denied any alcohol or drug use and attributed the result to an increase in her water intake.  There have been no other compliance issues.

In her motion, Defendant readily admits a "dirty UA for alcohol" early in her term of supervision but attributes it to a lapse of judgment that led to a renewed commitment to achieve her goals for successful reintegration into society.  Defendant reports that, after a seasonal job ended in October 2022, she began fulltime employment in January 2023 that is her "highest paying and longest employed job" to date.  *See* Motion at 1.  Defendant also reports success in achieving financial goals of securing a rental house in a residential community, earning a strong credit score, and purchasing a reliable vehicle.  Other positive changes include developing healthy living habits and hobbies, "gradu[ating] therapy," and "moving down to the lowest level of supervision."  *Id*.  Defendant explains the recent diluted urine sample as a result of increasing her water intake during summer months while "working in a hot warehouse."  *Id*. at 2.  Defendant affirms her resolve to remain "a

productive member of this society" and to use her acquired coping and communication skills to navigate any difficult situations that arise. *Id*. Defendant requests that the Court shorten her term of supervision, which will otherwise end in May 2025, because she is "ready to move past this, if that is something that could happen." *Id*.

In response, the government asserts that the Court's original sentencing decision remains the right choice for Defendant and that she should complete her full term of supervised release. *See* Resp. Br. at 4. The government expresses agreement with the probation officer's position: "[G]iven that Ms. Butler has only recently moved to a lower level of supervision and that she submitted a diluted urine sample in May 2024," the officer recommends that Defendant be further monitored with required drug testing. *Id*. The government recognizes that Defendant has accomplished "a number of laudable, positive changes . . . and personal goals aimed at reforming her circumstances," but states its belief in the utility of continued supervision of Defendant for the remainder of her term. *Id*. at 5.

## Standard of Decision

Section 3583(e)(1) authorizes a district court to "terminate a term of supervised release and discharge a defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). This statute confers on a sentencing court discretion to end a defendant's term of supervision after considering certain factors in 18 U.S.C. § 3553(a). *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012); *United States v. Fykes*, No. 21-1222, 2022 WL 245516, *2 (10th Cir. Jan. 27,

2022) (unpublished).[1]  The required § 3553(a) factors include, as applicable, subsections (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)6) and (a)(7).  *See* 18 U.S.C. § 3583(e).  In exercising its discretion, this Court is also mindful that "Congress intended supervised release to assist individuals in their transition to community life.  Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."  *United States v. Johnson*, 529 U.S. 53, 59 (2000).

## Discussion

After careful consideration, the Court is not persuaded that an early termination of Defendant's term of supervised release is warranted by her conduct and the interest of justice.  Defendant has completed more than two years of supervised release and has been generally compliant with her conditions of supervision.  Defendant's record has not been perfect, but there are no glaring issues.  On the other hand, Defendant does not point to any fact indicating that her conditions of supervised release impact her progress toward reintegrating into society.  Given Defendant's relatively short prison sentence, the Court finds that completing the term of supervised release originally imposed strikes the proper balance and best achieves the goals of sentencing.  The Court commends Defendant for the considerable efforts she has made and the substantial success she has achieved toward rehabilitation.  However, in light of all the circumstances presented, the Court does not believe that a termination of Defendant's supervised release is warranted at this time.

---

[1] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

**Conclusion**

For these reasons, the Court declines to discharge Defendant from supervised release and requires her to complete the remaining term of approximately eight months.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for early termination of her supervised release under 18 U.S.C. § 3583(e)(1) [Doc. No. 1293] is **DENIED**.

**IT IS SO ORDERED** this 11th day of July, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge